## UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| STRIKE 3 HOLDINGS, LLC, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No.: 1:21-cv-04963 |
| | ) | |
| JOHN DOE infringer identified as using IP address 98.193.12.11, | ) ) | Judge: Hon. Robert M. Dow Jr. Magistrate Judge: Hon. Sheila M. Finnegan |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |
| JOHN DOE infringer identified as using IP address 98.193.12.11, | ) ) | |
| | ) | |
| Counter-Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| STRIKE 3 HOLDINGS, LLC | ) | |
| | ) | |
| Counter-Defendant. | ) | |

### MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF PLAINTIFF'S/COUNTER-DEFENDANT'S MOTION TO DISMISS COUNTERCLAIM FOR DECLARATORY JUDGEMENT OF NON-INFRINGEMENT

## <u>TABLE OF CONTENTS</u>

I.     **INTRODUCTION**.................................................................................................. 1

II.    **FACTS** ............................................................................................................... 2

III.   **LEGAL STANDARD** ....................................................................................... 3

    Rule 12(b)(1)..................................................................................................3

    Rule 12(b)(6)..................................................................................................4

**IV. ARGUMENT** ........................................................................................................ 4

    A.    There is No Freestanding Right to Declaratory Relief................................4

    B.    Doe Has Not Alleged an Injury-in-Fact ........................................................8

**IV.**    **CONCLUSION** ............................................................................................ 14

## TABLE OF AUTHORITIES

**Cases**

*Am. Safety Cas. Ins. Co. v. City of Waukegan, Ill.*,
    678 F.3d 475 (7th Cir. 2012) ........................................................................... 6

*Amling v. Harrow Indus. LLC*,
    943 F.3d 373 (7th Cir. 2019) ....................................................................... 4, 5

*Apple Inc. v. Qualcomm Inc.*,
    992 F.3d 1378 (Fed. Cir. 2021).................................................................... 6

*Ashcroft v. Iqbal*,
    556 U.S. 662, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009).......................... 4

*Bankers Tr. Co. v. Old Republic Ins. Co.*,
    959 F.2d 677 (7th Cir. 1992) ....................................................................... 7

*Bazile v. Fin. Sys. of Green Bay, Inc.*,
    983 F.3d 274 (7th Cir. 2020) ....................................................................... 9

*Bell Atl. Corp. v. Twombly*,
    550 U.S. 544, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007).......................... 4

*Bell v. Taylor*,
    827 F.3d 699 (7th Cir. 2016) ....................................................................... 6

*Brunett v. Convergent Outsourcing, Inc.*,
    982 F.3d 1067 (7th Cir. 2020) ................................................................. 9, 14

*But see Intercon Sols., Inc. v. Basel Action Network*,
    969 F. Supp. 2d 1026 (N.D. Ill. 2013) ....................................................... 12

*Cairel v. Alderden*,
    821 F.3d 823 (7th Cir. 2016) ....................................................................... 12

*California v. Texas*,
    141 S. Ct. 2104, 210 L. Ed. 2d 230 (2021) ............................................... 5

*Carello v. Aurora Policemen Credit Union*,
    930 F.3d 830 (7th Cir. 2019). ...................................................................... 13

*Casillas v. Madison Ave. Assocs., Inc.*,
    926 F.3d 329 (7th Cir. 2019) ................................................................... 9, 10

*Clapper v. Amnesty Int'l USA*,
    568 U.S. 398, 133 S. Ct. 1138, 185 L. Ed. 2d 264 (2013)......................... 12

*Crabtree v. Experian Info. Sols., Inc.*,
    No. 16-10706, 2018 WL 10127089 (N.D. Ill. Oct. 10, 2018) .................... 10

*Domanus v. Lewicki*,
    No. 8-4922, 2011 WL 13268086 (N.D. Ill. July 11, 2011) ....................... 12

*Ewing v. MED-1 Sols., LLC*,
    No. 21-1276, 2022 WL 303366 (7th Cir. Feb. 2, 2022) ........................... 2, 9

*Fogerty v. Fantasy, Inc.*,
    510 U.S. 517, 114 S. Ct. 1023, 127 L. Ed. 2d 455 (1994)......................... 11

*Garrard v. Rust-Oleum Corp.*,
    No. 20-00612, 2021 WL 5906063 (N.D. Ill. Dec. 14, 2021)....................... 5

*Geisha, LLC v. Tuccillo*,
    525 F. Supp. 2d 1002 (N.D. Ill. 2007) ................................................... 5, 6

*Glacier Films (USA), Inc. v. Turchin*,
   896 F.3d 1033 (9th Cir. 2018) ................................................................. 7
*Gunn v. Thrasher, Buschmann & Voelkel, P.C.*,
   982 F.3d 1069 (7th Cir. 2020) ........................................................... 9, 14
*Hart v. FedEx Ground Package Sys. Inc.*,
   457 F.3d 675 (7th Cir. 2006) ................................................................. 3
*Intercon Sols., Inc. v. Basel Action Network*,
   969 F. Supp. 2d 1026 (N.D. Ill. 2013) .................................................. 6
*Kirtsaeng v. John Wiley & Sons, Inc.*,
   579 U.S. 197, 136 S. Ct. 1979, 195 L. Ed. 2d 368 (2016) ...................... 11
*Kokkonen v. Guardian Life Ins. Co. of America*,
   511 U.S. 375, 114 S.Ct. 1673, 128 L.Ed.2d 391 (1994) ......................... 3
*Laborers' Pension Fund v. Midwest Milling & Paving Co., Inc.*,
   No. 20-00908, 2021 WL 292849 (N.D. Ill. Jan. 28, 2021) .................. 3, 4
*Larkin v. Fin. Sys. of Green Bay, Inc.*,
   982 F.3d 1060 (7th Cir. 2020) ............................................................... 9
*Lujan v. Defenders of Wildlife*,
   504 U.S. 555, 112 S.Ct. 2130, 119 L.Ed.2d 351 (1992) ......................... 8
*Malibu Media, LLC v. Doe*,
   238 F. Supp. 3d 638 (M.D. Pa. 2017) ................................................... 14
*Malibu Media, LLC v. Doe*,
   No. 13-3648, 2014 WL 2581168 (N.D. Ill. June 9, 2014) ...................... 6
*Malibu Media, LLC v. Khan*,
   No. 18-3028, 2019 WL 1382082 (N.D. Ill. Mar. 27, 2019) ................... 12
*Malibu Media, LLC v. Mullins*,
   No. 18-6447, 2020 WL 6576777 (N.D. Ill. May 26, 2020) .................... 11
*Markakos v. Medicredit, Inc.*,
   No. 20-2351, 2021 WL 1937267 (7th Cir. May 14, 2021) ...................... 9
*Med. Assur. Co. v. Hellman*,
   610 F.3d 371 (7th Cir. 2010) ................................................................. 5
*MedImmune, Inc. v. Genentech, Inc.*,
   549 U.S. 118, 127 S.Ct. 764, 166 L.Ed.2d 604 (2007) ....................... 5, 6
*Mercatus Grp. LLC v. Lake Forest Hosp.*,
   695 F. Supp. 2d 811 (N.D. Ill. 2010) ................................................... 14
*Meyers v. Nicolet Rest. of De Pere, LLC*,
   843 F.3d 724 (7th Cir. 2016) ................................................................. 9
*Nettles v. Midland Funding LLC*,
   983 F.3d 896 (7th Cir. 2020) ................................................................. 9
*North Carolina v. Rice*,
   404 U.S. 244, 92 S. Ct. 402, 30 L. Ed. 2d 413 (1971) ........................... 4
*Ojogwu v. Rodenburg L. Firm*,
   No. 20-2879, 2022 WL 433034 (8th Cir. Feb. 14, 2022) ...................... 12
*Pennell v. Glob. Tr. Mgmt., LLC*,
   990 F.3d 1041 (7th Cir. 2021) ............................................................... 9
*Penny v. Pelosi*,
   538 F. Supp. 3d 850 (C.D. Ill. 2021) .................................................... 4

*People v. Smith*,
   185 Ill. 2d 532, 708 N.E.2d 365 (1999) ........................................................ 7
*Persinger v. Sw. Credit Sys., L.P.*,
   20 F.4th 1184 (7th Cir. 2021) ............................................................... 8, 9
*Prof'l Real Estate Investors, Inc. v. Columbia Pictures Indus.*,
   508 U.S. 49, 113 S.Ct. 1920, 123 L.Ed.2d 611 (1993) ........................................... 14
*Pub. Serv. Comm'n of Utah v. Wycoff Co.*,
   344 U.S. 237, 73 S. Ct. 236, 97 L. Ed. 291 (1952) .............................................. 7
*Robertson v. Allied Sols., LLC*,
   902 F.3d 690 (7th Cir. 2018) ................................................................ 9
*Scheib v. Grant*,
   22 F.3d 149 (7th Cir. 1994) ................................................................ 13
*Schilling v. Rogers*,
   363 U.S. 666, 80 S. Ct. 1288, 4 L. Ed. 2d 1478 (1960) ........................................ 6
*Smith v. GC Servs. Ltd. P'ship*,
   986 F.3d 708 (7th Cir. 2021) ................................................................ 9
*Spokeo, Inc. v. Robins*,
   578 U.S. 330, 136 S. Ct. 1540, 194 L. Ed. 2d 635 (2016) .......................... 1, 8, 10, 11
*Spuhler v. State Collection Serv., Inc.*,
   983 F.3d 282 (7th Cir. 2020) ................................................................ 9
*Square One Ent. Inc. v. Partnerships & Unincorporated Associations Identified in Schedule "A"*,
   No. 20-5685, 2021 WL 1253450 (N.D. Ill. Apr. 5, 2021) ...................................... 11
*Squires-Cannon v. Forest Pres. Dist. of Cook Cty.*,
   No. 15-6876, 2016 WL 561917 (N.D. Ill. Feb. 12, 2016) ...................................... 13
*Steel Co. v. Citizens for a Better Env't*,
   523 U.S. 83, 118 S. Ct. 1003, 140 L. Ed. 2d 210 (1998) ................................... 10, 14
*Strike 3 Holdings LLC v. Doe*,
   849 F. App'x 183 (9th Cir. 2021) .......................................................... 11
*Strike 3 Holdings, LLC v. Doe*,
   2021 WL 5638442 (D. Conn. 2021) .......................................................... 14
*Strike 3 Holdings, LLC v. Doe*,
   964 F.3d 1203 (D.C. Cir. 2020) ............................................................. 6
*Strike 3 Holdings, LLC v. Doe*,
   No. 17-1731 (TSZ), 2020 WL 531996 (W.D. Wash. Feb. 3, 2020) ............................... 11
*Thornley v. Clearview AI, Inc.*,
   984 F.3d 1241 (7th Cir. 2021) .............................................................. 9
*TransUnion LLC v. Ramirez*,
   141 S. Ct. 2190, 210 L. Ed. 2d 568 (2021) .......................................... 2, 8, 9, 15
*U. S. ex rel. Bennett v. People of State of Ill.*,
   356 F.2d 878 (7th Cir. 1966) ................................................................ 7
*UMG Recordings, Inc. v. Disco Azteca Distributors, Inc.*,
   446 F. Supp. 2d 1164 (E.D. Cal. 2006) ...................................................... 7
*Uzuegbunam v. Preczewski*,
   141 S. Ct. 792, 209 L. Ed. 2d 94 (2021) ................................................... 11
*Wadsworth v. Kross, Lieberman & Stone, Inc.*,
   12 F.4th 665 (7th Cir. 2021) ......................................................... 8, 9, 14

*Wilton v. Seven Falls Co.*,
   515 U.S. 277, 115 S. Ct. 2137, 132 L. Ed. 2d 214 (1995) ................................................ 5

*Woodruff v. Mason*,
   542 F.3d 545 (7th Cir. 2008) ................................................................................ 13

**Statutes**

17 U.S.C. § 505 ................................................................................................ 11

17 U.S.C. § 106 ................................................................................................. 7

**Other Authorities**

William F. Patry, *Patry on Copyright* § 17:49 (2022) ................................................ 1

**Rules**

Fed. R. Civ. P. 12(b)(1) ..................................................................................... 1

Fed. R. Civ. P. 12(b)(6) ..................................................................................... 1

Fed. R. Civ. P. 13 ............................................................................................ 12

Fed. R. Civ. P. 41(a)(1)(A)(i) ............................................................................ 12

Fed. R. Civ. P. 41(a)(1)(A)(ii) ........................................................................... 12

Fed. R. Civ. P. 7(a)(2) ...................................................................................... 12

Fed. R. Civ. P. 8(a)(2) ...................................................................................... 13

**Constitutional Provisions**

U.S. CONST. amend. I ........................................................................................ 13

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF
PLAINTIFF'S/COUNTER-DEFENDANT'S MOTION TO DISMISS COUNTERCLAIM
FOR DECLARATORY JUDGEMENT OF NON-INFRINGEMENT**

Pursuant to Fed. R. Civ. P. 12(b)(1) and Rule 12(b)(6), Plaintiff/Counter-Defendant, Strike

3 Holdings, LLC ("Strike 3") hereby respectfully submits this Memorandum of Points and

Authorities in Support of its Motion to Dismiss Counterclaim for Declaratory Judgment of Non-

Infringement.

## I.    INTRODUCTION

John Doe's ("Doe") kneejerk and mirror-image counterclaim for a declaration of non-

infringement merely presents a "bare" claim "divorced from any concrete harm[.]" *See Spokeo,

Inc. v. Robins*, 578 U.S. 330, 341, 136 S. Ct. 1540, 1549, 194 L. Ed. 2d 635 (2016), *as revised*

(May 24, 2016). Such claims for relief are "nonsensical . . . and do not provide an independent

case or controversy." 5 William F. Patry, *Patry on Copyright* § 17:49 (2022). Indeed, the

counterclaim is entirely predicated on the fact that Strike 3 has brought a claim against Doe and

nothing more. ECF No. 22, at ¶ 9. Missing from this threadbare and defective pleading are two

essential elements: (1) the basis to declaratory relief (*i.e.*, a right or legal relationship), and (2), an

injury-in-fact.

Although Strike 3 and the Court are left to guess at Doe's injury, a charitable reading

suggests that Doe's counterclaim stands on his desire to seek attorney's fees and to be declared

"innocent." None of these desires give rise to an Article III injury-in-fact. Precedent makes clear

that attorney's fees are not injuries. Doe's vaguer, "intangible" injuries also do not make the grade,

as he must first establish "a [legal] violation" which, "alone does not make an injury concrete," as

well as an injury with some "common law analogue" to assure the Court he has standing. See

*Ewing v. MED-1 Sols., LLC*, No. 21-1276, 2022 WL 303366, at *4 (7th Cir. Feb. 2, 2022) (citing

*TransUnion LLC v. Ramirez*, 141 S. Ct. 2190, 2204–05, 210 L. Ed. 2d 568 (2021)). Doe can show neither.

Certainly, the Declaratory Judgment Act allows parties to seek declaratory relief over rights or legal relationships. The classic example is when Party A sues Party B for patent infringement because Party B is using an invention that allegedly infringes Party A's patent. Party B wants to continue to us that invention and thus files a counterclaim for non-infringement so it can continue to do so. Here, Doe has failed to allege any right to use (or intent to use) Strike 3's copyrights in the future, let alone a preexisting relationship between the parties. Thus, Doe has not stated a cognizable claim under that Act. Moreover, even if he had, Doe has not alleged an injury of any kind. That is fatal to the counterclaim.

First, precedent makes clear that attorney's fees do not qualify as injuries; they are mere byproducts of the litigation. Second, Doe's vague and abstract request to be declared innocent finds no support in the common law, and, in fact, is undermined by various doctrines, including the First Amendment's right to petition. As a result, Doe has failed to state a claim and present an Article III injury. Rather, he has been sued for infringing copyrights and merely says to the Court "declare that I did not do that." This renders the counterclaim a mere request for an advisory opinion, which the Court is without subject-matter jurisdiction to do. Accordingly, the Court must dismiss Doe's counterclaim for declaratory relief.

## II. FACTS

This is a standard action for direct copyright infringement. Unlike Strike 3's typical cases where it does not know the infringer's identity before filing an action in federal court, here, Strike 3 uncovered Doe's identity using a pure bill of discovery action in Florida. Hence, it filed a Complaint for copyright infringement against Doe (with his information redacted), and

immediately filed a motion to seal documents containing Defendant's identity to protect Doe's potential privacy interest. ECF Nos. 1, 5. The Court granted the motion, ECF No. 10, and Strike 3 was issued a summons on December 6, 2021.

After service of process was perfected, Defendant retained counsel who moved to extend the time to answer the Complaint. ECF No. 16. The parties then filed a Joint Motion for Protective Order to allow Defendant to remain pseudonymous and to prevent Strike 3 from disclosing Doe's identity in any public filings. ECF. No. 19, at ¶ 6. The Court granted that motion, and Defendant filed his Answer and Counterclaim for declaratory relief four days later. ECF Nos. 21, 22. That counterclaim is premised entirely on the fact that Doe denies Strike 3's claim. *See* ECF No. 22, at ¶¶7–10.

## III. LEGAL STANDARD

### Rule 12(b)(1)

"Federal courts are courts of limited jurisdiction: 'It is to be presumed that a cause lies outside this limited jurisdiction, and the burden of establishing the contrary rests upon the party asserting jurisdiction.'" *Hart v. FedEx Ground Package Sys. Inc.*, 457 F.3d 675, 679 (7th Cir. 2006) (quoting *Kokkonen v. Guardian Life Ins. Co. of America*, 511 U.S. 375, 377, 114 S.Ct. 1673, 128 L.Ed.2d 391 (1994)). When a party "challenges the sufficiency of the allegations regarding subject matter jurisdiction (a facial challenge), the Court must accept all well-pleaded factual allegations as true and draw all reasonable inferences in the [counter-]plaintiffs favor." *Laborers' Pension Fund v. Midwest Milling & Paving Co., Inc.*, No. 20-00908, 2021 WL 292849, at *1 (N.D. Ill. Jan. 28, 2021) (citation omitted). "However, 'a [counter-]plaintiff faced with a [Rule] 12(b)(1) motion to dismiss bears the burden of establishing that the jurisdictional requirements have been

met.'" *Penny v. Pelosi*, 538 F. Supp. 3d 850, 855 (C.D. Ill. 2021), *aff'd*, No. 21-2039, 2021 WL 6102166 (7th Cir. Dec. 23, 2021) (citation omitted).

## Rule 12(b)(6)

A counterclaim must "contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *See Laborers' Pension Fund v. Midwest Milling & Paving Co., Inc.*, No. 20-00908, 2021 WL 292849, at *2 (N.D. Ill. Jan. 28, 2021) (citations omitted). This "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Id.* (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S. Ct. 1937, 1949, 173 L. Ed. 2d 868 (2009)). "[L]abels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id.* (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 127 S. Ct. 1955, 1965, 167 L. Ed. 2d 929 (2007)).

## IV. ARGUMENT

### A. There is No Freestanding Right to Declaratory Relief

"[F]ederal courts are without power to decide questions that cannot affect the rights of litigants in the case before them." *North Carolina v. Rice*, 404 U.S. 244, 246, 92 S. Ct. 402, 404, 30 L. Ed. 2d 413 (1971) (citation omitted). This is doubly true for declaratory relief, where the existence of a right is determinative of both the substantive claim as well as the Court's subject-matter jurisdiction. Here, where Doe fails to allege any rights or legal relationship between the parties, the counterclaim collapses on both grounds.

"The Declaratory Judgment Act provides, with irrelevant exceptions: 'In a *case of actual controversy* within its jurisdiction,' a district court '*may declare* the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought.'" *Amling v. Harrow Indus. LLC*, 943 F.3d 373, 377 (7th Cir. 2019) (quoting 28 U.S.C. § 2201(a)) (emphases original). It is "an enabling Act, which confers a discretion on the courts rather

4

than an absolute right upon the litigant." *Wilton v. Seven Falls Co.*, 515 U.S. 277, 287, 115 S. Ct. 2137, 2143, 132 L. Ed. 2d 214 (1995) (collecting cases). The Act "alone does not provide a court with jurisdiction," *California v. Texas*, 141 S. Ct. 2104, 2115, 210 L. Ed. 2d 230 (2021) (citations omitted), and "does not . . . provide an independent cause of action. Its operation is procedural only—to provide a form of relief previously unavailable." *Garrard v. Rust-Oleum Corp.*, No. 20-00612, 2021 WL 5906063, at *6 (N.D. Ill. Dec. 14, 2021) (citations omitted); *Geisha, LLC v. Tuccillo*, 525 F. Supp. 2d 1002, 1009 (N.D. Ill. 2007) ("Because the Act is not in itself a source of federal subject matter jurisdiction, the court must possess an independent basis for jurisdiction.") (citation omitted); *see Med. Assur. Co. v. Hellman*, 610 F.3d 371, 381 (7th Cir. 2010) ("[T]he Declaratory Judgment Act has no effect on the substantive law that governs a case.").

Thus, "just like suits for every other type of remedy, declaratory-judgment actions must satisfy Article III's case-or-controversy requirement." *California*, 141 S. Ct. at 2115 (citing *MedImmune, Inc. v. Genentech, Inc.*, 549 U.S. 118, 126–127, 127 S.Ct. 764, 166 L.Ed.2d 604 (2007)); *Amling*, 943 F.3d at 377 ("The requirements of the [Declaratory Judgment] Act and those of Article III are . . . coextensive.") (citation omitted). Although the case law delineating what disputes qualify for declaratory relief "do not draw the brightest of lines," the Supreme Court has consistently "required that the dispute be 'definite and concrete, *touching the legal relations of parties having adverse legal interests*[.]'" *See MedImmune*, 549 U.S. at 127 (citation omitted) (emphasis added).

"[T]he availability of [declaratory] relief presupposes the existence of a judicially remediable right. *No such right exists here*." *See Schilling v. Rogers*, 363 U.S. 666, 677, 80 S. Ct. 1288, 1296, 4 L. Ed. 2d 1478 (1960) (emphasis added). "Doe's counterclaim seeks no affirmative relief other than a determination . . . that he is not liable to [Strike 3] for copyright infringement.

As such, it is not appropriately a counterclaim." *Malibu Media, LLC v. Doe*, No. 13-3648, 2014 WL 2581168, at *2 (N.D. Ill. June 9, 2014) (collecting cases) (dismissing counterclaim for declaratory relief); *see Intercon Sols., Inc. v. Basel Action Network*, 969 F. Supp. 2d 1026, 1067 (N.D. Ill. 2013), *aff'd*, 791 F.3d 729 (7th Cir. 2015) (holding that the Declaratory Judgement A is "not intended to allow parties to convert claims and affirmative defenses into redundant counterclaims"). Indeed, Doe has not alleged the type of controversy that the Act is empowered to address.

Doe has not alleged a "legal relationship" between the parties, such as a preexisting contract or business relationship. *See, e.g.*, *Am. Safety Cas. Ins. Co. v. City of Waukegan, Ill.*, 678 F.3d 475, 485 (7th Cir. 2012) (insurance); *MedImmune*, 549 U.S. at 121 (disputing patent validity, contractual obligations, and royalties between manufacturers); *Apple Inc. v. Qualcomm Inc.*, 992 F.3d 1378, 1385 (Fed. Cir. 2021). In fact, the parties were complete strangers until Strike 3 subpoenaed Doe's ISP for his identity. *Cf. Strike 3 Holdings, LLC v. Doe*, 964 F.3d 1203, 1212 (D.C. Cir. 2020) (explaining that Strike 3 cannot know who the identity of the party until after it receives a response to its subpoena).

Nor has Doe alleged any "right" to use, or intent to use,[1] any of Strike 3's copyrights. *Cf. Bell v. Taylor*, 827 F.3d 699, 711 (7th Cir. 2016) (holding there was no controversy warranting declaratory relief since the defendants had "no desire to interact with [the plaintiff] or use his photographs in the future"). "[T]here is no 'right' to declaratory relief," *Bankers Tr. Co. v. Old Republic Ins. Co.*, 959 F.2d 677, 682 (7th Cir. 1992) (citations omitted), and Doe has no a

---

[1]     Such "intent" absent a definitive plan may nonetheless be unripe. *See Geisha, LLC v. Tuccillo*, 525 F. Supp. 2d 1002, 1014–15 (N.D. Ill. 2007).

freestanding "right" to be declared innocent.[2] *See infra* (discussing common law analogues). "This is not a case of the infringer creating something new and incorporating a copyrighted element into that new, creative work." *Glacier Films (USA), Inc. v. Turchin*, 896 F.3d 1033, 1041 (9th Cir. 2018) (citations omitted). "Rather, this case is the digital equivalent of standing outside the neighborhood Redbox—or Blockbuster Video, for fans of history—and giving away copies of the movie for free." *Id.*

The case concerns the wholesale copying and distribution of Strike 3's works and Doe's denial of those allegations. *See* ECF No. 22, at ¶ 10. While Congress expressly created rights for Strike 3's claim, 17 U.S.C. §§ 106(1), (3), the Copyright Act does not enumerate a right to have one's innocence declared. *Cf. UMG Recordings, Inc. v. Disco Azteca Distributors, Inc.*, 446 F. Supp. 2d 1164, 1178 (E.D. Cal. 2006) ("Copyright law is a creature of statute, and a party's rights and remedies under the Copyright Act must be derived from the infringement of one of the exclusive rights set forth in the Act.") (citations omitted); *Pub. Serv. Comm'n of Utah v. Wycoff Co.*, 344 U.S. 237, 242, 73 S. Ct. 236, 239, 97 L. Ed. 291 (1952) (noting the Declaratory Judgement Act expressly "omits status" from its scope "and limits the declaration to cases of actual controversy"). Although Doe attempts to compensate for this defect by hitching his counterclaim to Strike 3's claim, that approach does not rescue the day. "Rather, he must show that the violation harmed or presented an appreciable risk of harm to the underlying concrete interest[.]" *Wadsworth*, 12 F.4th at 668 (citations and internal quotations omitted). Thus, even if Doe had presented some

---

[2]      Even in criminal law, "[c]ourts do not find people guilty or innocent . . . A not guilty verdict expresses no view as to a defendant's innocence. Rather, [a reversal of conviction] indicates simply that the prosecution has failed to meet its burden of proof."
*People v. Smith*, 185 Ill. 2d 532, 545, 708 N.E.2d 365, 371 (1999); *cf. U. S. ex rel. Bennett v. People of State of Ill.*, 356 F.2d 878, 879 (7th Cir. 1966) (affirming dismissal of a claim to declare an indictment null and void).

right to Strike 3's works–which he has not–he has not presented any injury and thus has failed to demonstrate standing.

**B. <u>Doe Has Not Alleged an Injury-in-Fact</u>**

"[A]n injury in law is not an injury in fact." *TransUnion*, 141 S. Ct. at 2205 ("This Court has rejected 'the argument that a plaintiff automatically satisfies the injury-in-fact requirement whenever a statute grants a person a statutory right and purports to authorize that person to sue to vindicate that right.'") (citations omitted). The violation of a statute, let alone its mere existence, is not enough to create a controversy. The Supreme Court and Seventh Circuit have made clear that unless a party can show an injury, "the '[f]irst and foremost' of standing's three elements." *Spokeo*, 578 U.S. at 338, the claim is nonjusticiable.

The counterclaim-plaintiff "must show (i) that he suffered an injury in fact that is concrete, particularized, and actual or imminent; (ii) that the injury was likely caused by the defendant; and (iii) that the injury would likely be redressed by judicial relief." *See TransUnion*, 141 S. Ct. at 2203 (citing *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560–561, 112 S.Ct. 2130, 119 L.Ed.2d 351 (1992)). An injury-in-fact must be "'concrete and particularized' and 'actual or imminent, not conjectural or hypothetical.'" *Id.* at 339 (citation omitted). "For an injury to be concrete, it must be 'real, and not abstract.'" *Persinger v. Sw. Credit Sys., L.P.*, 20 F.4th 1184, 1190 (7th Cir. 2021) (citation omitted). "A concrete injury is essential to standing: 'No concrete harm, no standing.'" *Ewing*, No. 21-1276, 2022 WL 303366 at *2 (quoting *TransUnion*, 141 S. Ct. at 2200).

These principles are elucidated by the Seventh Circuit's "bevy of recent decisions"[3] on standing in consumer-protection statutes, *see Wadsworth*, 12 F.4th at 668, along with the Supreme

---

[3]     *E.g.*, *Meyers v. Nicolet Rest. of De Pere, LLC*, 843 F.3d 724 (7th Cir. 2016); *Robertson v. Allied Sols., LLC*, 902 F.3d 690 (7th Cir. 2018); *Casillas v. Madison Ave. Assocs., Inc.*, 926 F.3d 329 (7th Cir. 2019); *Larkin v. Fin. Sys. of Green Bay, Inc.*, 982 F.3d 1060 (7th Cir. 2020); *Bazile*

Court's recent holding in *TransUnion*. Consumer-protections laws provide various procedural, informational, and privacy safeguards. After the Supreme Court's "Delphic instruction" in *Spokeo* on what "intangible" injuries are justiciable, *Thornley v. Clearview AI, Inc.*, 984 F.3d 1241, 1250 (7th Cir. 2021) (Hamilton, J., concurring), several matters appealed testing various approaches the new jurisprudence. "The thrust of these cases is simple—the violation of [a law], whether 'procedural' or 'substantive,' does not necessarily cause an injury in fact." *See Markakos v. Medicredit, Inc.*, No. 20-2351, 2021 WL 1937267 (7th Cir. May 14, 2021) (citation omitted). "Rather, to fulfil the injury in fact requirement, the violation must have harmed or presented an appreciable risk of harm to the underlying concrete interest that Congress sought to protect." *Id.* (citations and quotations omitted). In short: "no harm, no foul." *Casillas v. Madison Ave. Assocs., Inc.*, 926 F.3d 329, 331 (7th Cir. 2019) (Barrett, J.).

In the midst these appeals, the Supreme Court also decided *TransUnion*. There, a class of individuals sued a credit reporting agency under the Fair Credit Reporting Act for failing to use reasonable procedures to ensure the accuracy of their credit files. The Court filtered out the class into two groups: those individuals who had misleading credit reports sent to third-party businesses suffered a concrete injury, and those whose reports were *not* sent to third-party businesses, did not suffer an injury. 141 S. Ct. at 2200. In making this distinction, the Court approved then-Judge Barrett's reasoning in *Casillas*, explaining that, regardless of a violation of the statute, "[i]f 'the

---

*v. Fin. Sys. of Green Bay, Inc.*, 983 F.3d 274 (7th Cir. 2020); *Spuhler v. State Collection Serv., Inc.*, 983 F.3d 282 (7th Cir. 2020); *Gunn v. Thrasher, Buschmann & Voelkel, P.C.*, 982 F.3d 1069 (7th Cir. 2020); *Brunett v. Convergent Outsourcing, Inc.*, 982 F.3d 1067 (7th Cir. 2020); *Nettles v. Midland Funding LLC*, 983 F.3d 896 (7th Cir. 2020); *Smith v. GC Servs. Ltd. P'ship*, 986 F.3d 708, 711 (7th Cir. 2021); *Pennell v. Glob. Tr. Mgmt., LLC*, 990 F.3d 1041 (7th Cir. 2021); *Markakos v. Medicredit, Inc.*, No. 20-2351, 2021 WL 1937267 (7th Cir. May 14, 2021); *Wadsworth v. Kross, Lieberman & Stone, Inc.*, 12 F.4th 665, 668 (7th Cir. 2021); *Persinger v. Sw. Credit Sys., L.P.*, 20 F.4th 1184 (7th Cir. 2021); *Ewing v. MED-1 Sols., LLC*, No. 21-1276, 2022 WL 303366 (7th Cir. Feb. 2, 2022).

plaintiff does not claim to have suffered an injury that the defendant caused and the court can remedy, there is no case or controversy for the federal court to resolve.'" *Id.* at 2203 (quoting *Casillas*, 926 F.3d at 333)*.* The jurisprudence makes clear that a party cannot stand on "a bare procedural violation," *Spokeo,* 578 U.S. at 341, and must show a resulting injury. Thus, even if Doe had properly identified some right under the Copyright Act—which he has not—he still must nonetheless present a concrete injury. Doe has not done this.

Moreover, to the extent that Doe's "unadorned, the-defendant-unlawfully-harmed-me accusation" implies an injury, those theories can be immediately dispatched. First, attorney's fees, arguably the only injury Doe has asserted in his prayer for relief, *see* ECF No. 22, at p.17, are not a cognizable injury. "Defendant can . . . not rely on the cost of litigation to acquire Article III standing." *Crabtree v. Experian Info. Sols., Inc.*, No. 16-10706, 2018 WL 10127089, at *2 (N.D. Ill. Oct. 10, 2018), *aff'd*, 948 F.3d 872 (7th Cir. 2020) (citing *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 107, 118 S. Ct. 1003, 1019, 140 L. Ed. 2d 210 (1998) ("[A] plaintiff cannot achieve standing to litigate a substantive issue by bringing suit for the cost of bringing suit" and "attorney's fees [are] . . . insufficient to create an Article III case or controversy where none exists on the merits of the underlying claim."); *Uzuegbunam v. Preczewski*, 141 S. Ct. 792, 801, 209 L. Ed. 2d 94 (2021) ("A request for attorney's fees or costs cannot establish standing because those awards are merely a 'byproduct' of a suit that already succeeded, not a form of redressability.") (citations omitted).

This is further supported by the fee-shifting provision in the Copyright Act. Even if Doe were to prevail against Strike 3's copyright claim, attorney's fees are "not award[ed] . . . as a matter of course," *Kirtsaeng v. John Wiley & Sons, Inc.*, 579 U.S. 197, 202, 136 S. Ct. 1979, 1985, 195 L. Ed. 2d 368 (2016) (quoting *Fogerty v. Fantasy, Inc.*, 510 U.S. 517, 533, 114 S. Ct. 1023, 1033,

127 L. Ed. 2d 455 (1994)) (internal quotations omitted), as that determination is wholly committed

to the Court's discretion. *See* 17 U.S.C. § 505. Hence, Doe has no "right" to attorney's fees, and

any recovery of those costs is simply conjectural. *See Spokeo*, 578 U.S. at 339.

Second, the litigation itself does not give rise to an Article III injury.[4] Indeed, there is no

"close historical or common-law analogue for their asserted injury." *See TransUnion*, 141 S. Ct.

at 2204. The closest analogues are injuries that sustain causes of action for abuse of process and

---

[4]     To be sure, although one court has held that by simply "commencing [a] proceeding," the plaintiff had conferred standing onto defendant for declaratory relief, *Strike 3 Holdings, LLC v. Doe*, No. 17-1731 (TSZ), 2020 WL 531996, at *4 (W.D. Wash. Feb. 3, 2020), on appeal, the Ninth Circuit did not adopt that rationale, but instead explained that the litigation "coupled with" additional "threats of future contributory-infringement claims," created an apprehension of future litigation. *See Strike 3 Holdings LLC v. Doe*, 849 F. App'x 183, 185 (9th Cir. 2021).
        This Court in *Malibu Media, LLC v. Mullins*, No. 18-6447, 2020 WL 6576777 (N.D. Ill. May 26, 2020) has recently distinguished the above case as well, noting that declaratory relief was not moot in that matter because the plaintiff had "preserved its ability to pursue further litigation against the defendant." *Id.* at *1. That apprehension is also informed by the concern that a plaintiff may "voluntarily dismiss the claims at any time" to unilaterally steer the litigation. *See Square One Ent. Inc. v. Partnerships & Unincorporated Associations Identified in Schedule "A"*, No. 20-5685, 2021 WL 1253450, at *2 (N.D. Ill. Apr. 5, 2021); *Malibu Media, LLC v. Khan*, No. 18-3028, 2019 WL 1382082, at *1 (N.D. Ill. Mar. 27, 2019). *But see Intercon Sols., Inc. v. Basel Action Network*, 969 F. Supp. 2d 1026, 1065 (N.D. Ill. 2013), *aff'd*, 791 F.3d 729 (7th Cir. 2015) ("[C]ourts routinely dismiss counterclaims that seek to generate an independent piece of litigation out of issues that . . . simply seek the opposite effect of the complaint."). None of those cases examined standing, but rather, whether the Court should exercise its discretion to dismiss declaratory relief.
        No doubt, the copyright dispute is very much alive in this matter. But the Supreme Court has "repeatedly reiterated that 'threatened injury must be *certainly impending* to constitute injury in fact,' and that '[a]llegations of *possible* future injury' are not sufficient." *Clapper v. Amnesty Int'l USA*, 568 U.S. 398, 409, 133 S. Ct. 1138, 1147, 185 L. Ed. 2d 264 (2013) (collecting cases) (emphasis original). Doe has not alleged an apprehension of a future litigation or any harm. Additionally, the concern that Strike 3 may voluntarily dismissing its claim are inapt because Doe has answered the Complaint, and as result, Strike 3 can only dismiss its claim with a stipulation "signed by all parties," Fed. R. Civ. P. 41(a)(1)(A)(ii), or via court order "on terms that the court considers proper." *Id.* 41(a)(2) (emphasis added). In fact, since a counterclaim must be alleged in a pleading, Fed. R. Civ. P. 13, and as the only appropriate pleading in such cases is an answer, Fed. R. Civ. P. 7(a)(2), Strike 3 could never voluntarily dismiss its claim unilaterally. Fed. R. Civ. P. 41(a)(1)(A)(i).

malicious prosecution. However, for the former, "the mere institution of proceedings, even with a malicious intent or motive, does not, standing alone, amount to abuse of process." *Domanus v. Lewicki*, No. 8-4922, 2011 WL 13268086, at *1 (N.D. Ill. July 11, 2011) (citations omitted); *cf. Ojogwu v. Rodenburg L. Firm*, No. 20-2879, 2022 WL 433034, at *4 (8th Cir. Feb. 14, 2022) (finding no concrete injury resulted from the direct mailing of a garnishment summons in a "lawful" proceeding). And the latter demands the injurious conduct involve, *inter alia*, the absence of probable cause accompanied by a scienter of malice which is "determined based upon the facts known to the prosecution at the time of filing, '*not the actual facts of the case or the guilt or innocence of the accused.*'" *Cairel v. Alderden*, 821 F.3d 823, 834 (7th Cir. 2016) (citation omitted) (emphasis added). Neither renders tortious the mere commencement of litigation where a defendant simply avers innocence.

Doe's insistence that he is innocent also does not import a defamation-like injury. "A harm is not an informational injury simply because it has something to do with information." *Cf. Carello v. Aurora Policemen Credit Union*, 930 F.3d 830, 835 (7th Cir. 2019). Strike 3 has merely filed a complaint, which contains a "statement of the claim showing that the pleader is entitled to relief[.]" Fed. R. Civ. P. 8(a)(2). Even assuming Strike 3 is mistaken, and Doe is not the infringer, "the oft-stated principle in Illinois [is] that anything said or written in a legal proceeding, including pleadings, is protected by an absolute privilege against defamation actions[.]" *Scheib v. Grant*, 22 F.3d 149, 156 (7th Cir. 1994) (citation omitted). Indeed, multiple protective orders have issued in this matter since its inception, and Doe's identity has never been published here. *See* ECF Nos. 10, 21.

Far from condemning litigation, both history and the Constitution protect it; the right to petition is enshrined in the First Amendment. U.S. CONST. amend. I; *Woodruff v. Mason*, 542 F.3d

545, 551 (7th Cir. 2008) ("The First Amendment right to petition the government for the redress of grievances extends to the courts in general and applies to litigation in particular."). Moreover, various doctrines reaffirm litigation's protected status. "Illinois law recognizes an absolute litigation privilege which protects anything said or written in the course of a legal proceeding." *Squires-Cannon v. Forest Pres. Dist. of Cook Cty.*, No. 15-6876, 2016 WL 561917, at *8 (N.D. Ill. Feb. 12, 2016) (quoting *Steffes v. Stepan Co.*, 144 F.3d 1070, 1074 (7th Cir. 1998) (citation omitted); *see also* 735 Ill. Comp. Stat. 110/1 *et seq.* (Citizen Participation Act). And the Noerr–Pennington doctrine protects "those who petition government for redress . . . from antitrust liability." *See Mercatus Grp. LLC v. Lake Forest Hosp.*, 695 F. Supp. 2d 811, 818 (N.D. Ill. 2010), *aff'd*, 641 F.3d 834 (7th Cir. 2011) (citing *Prof'l Real Estate Investors, Inc. v. Columbia Pictures Indus.*, 508 U.S. 49, 56, 113 S.Ct. 1920, 123 L.Ed.2d 611 (1993)); *see also Malibu Media, LLC v. Doe*, 238 F. Supp. 3d 638, 644–45 (M.D. Pa. 2017) (applying Noerr-Pennington immunity to BitTorrent litigation and dismissing counterclaims).

Finally, the vicissitudes of litigation–and a desire to avoid them–do not provide a basis for standing. The Seventh Circuit has explained that it is "clear" that "anxiety and embarrassment are not injuries in fact." *Wadsworth*, 12 F.4th at 668; *cf. Strike 3 Holdings, LLC v. Doe*, 2021 WL 5638442, at *4 (D. Conn. 2021) ("All defendants in both civil and criminal litigation are at risk of embarrassment.") (denying motion to quash). "[T]he Supreme Court has never thought that having one's nose out of joint and one's dander up creates a case or controversy." *Gunn v. Thrasher, Buschmann & Voelkel, P.C.*, 982 F.3d 1069, 1072 (7th Cir. 2020). "If that were enough, however, then the very fact that a suit had been filed would show the existence of standing, and the need to have a concrete injury that could be cured by a favorable judicial decision would be abolished." *Id.*; *Wadsworth*, 12 F.4th at 668 (rejecting a similar claim and noting that "without any ensuing

13

detriment, is not a concrete injury for if it were, 'then everyone would have standing to litigate about everything.'" *Id.* at 669 (quoting *Brunett v. Convergent Outsourcing, Inc.*, 982 F.3d 1067, 1068–69 (7th Cir. 2020)). While a declaration of innocence may provide Doe with peace of mind, "psychic satisfaction is not an acceptable Article III remedy because it does not redress a cognizable Article III injury." *Steel Co.*, 523 U.S. at 107 (collecting cases).

Accordingly, Doe "has not suffered any physical, monetary, or cognizable intangible harm traditionally recognized as providing a basis for a lawsuit in American courts." *See TransUnion*, 141 S. Ct. at 2206. Absent a concrete injury, Doe lacks standing, and thus merely seeks an impermissible advisory opinion. As such, not only has Doe failed to state a claim for relief under the Declaratory Judgement Act, he has failed to present standing to maintain the counterclaim or provide the Court with jurisdiction over it. The counterclaim must be dismissed.

## IV.  CONCLUSION

Under the Constitution's standing provision, the rule is simple:  courts decide rights, not fights. Two people could stridently fight over who is the better of two sports teams. But they cannot take that fight to a federal court, because neither party would be contending they have a right to do (or not do) something. That is required for a viable claim. Doe is not contending he has a right to infringe Plaintiff's copyrights, nor is he in any way compelled to do some act that he now wants a declaration he does not have to do.  He has been accused of copyright infringement. His entire counterclaim is to have the Court declare the opposite. That is not a justiciable claim under the Constitution. For the foregoing reasons, Plaintiff respectfully requests this Court dismiss Defendant's/Counter-Plaintiff's counterclaim for declaratory judgment of non-infringement.

Dated: February 18, 2022                    Respectfully submitted,

                                            CLARK HILL PLC

                                            By:  /s/ Samuel J. Tallman
                                            Samuel J. Tallman (ARDCE #6322843)
                                            130 East Randolph Street, Suite 3900
                                            Chicago, Illinois 60601-6317
                                            T: (312) 517-7515 | F: (312) 985-5542
                                            stallman@clarkhill.com


### CERTIFICATE OF SERVICE

I, Samuel J. Tallman, the undersigned attorney, hereby certify that on February 18, 2022, the foregoing **Memorandum of Points and Authorities in Support of Plaintiff/Counter-Defendant's Motion to Dismiss Counterclaim for Declaratory Judgment of Non-Infringement** was electronically filed with the United States District Court Clerk of the Northern District of Illinois, by using the courts CM/ECF system which will send notification to all parties and counsel of record.

                                            /s/ Samuel J. Tallman

15